UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LLOYD C. HILL, JR., | Case No. C23-771-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| KING COUNTY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Lloyd C. Hill, Jr.'s Motion for Leave to File Amended Complaint. Dkt. #17. Plaintiff moves to amend his Complaint to add claims for violations of the American with Disabilities Act and Fourteenth Amendment, to remove several potential defendants who have not been served, correct and clarify factual assertions, and fix typographical errors. *Id*. at 4. Defendants oppose. Dkt. #19.

This case was originally filed in King County Superior Court in February 2023. Dkt. #1. After removal on May 24, 2023, the Court set a deadline for amended pleadings on August 8, 2023. Dkt. #10. The parties stipulated to continue the trial date and case deadlines on May 17, 2024. Dkt. #16. The latest scheduling order set trial for June 9, 2025, with discovery closing on

February 12, 2025. *Id*. The original deadline to amend pleadings, August 8, 2023, was never extended. Plaintiff filed the instant Motion on July 24, 2024. Dkt. #115.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT - 2

provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Defendants argue that the facts supporting this new cause of action were known to Plaintiff from the start of this litigation, thus Plaintiff has not shown good cause. *See* Dkt. #19. Defendants state that initial disclosures included information on the "dress out" Use of Force procedure and medical treatment notes indicating Plaintiff's family notified Harborview Hospital after the alleged incident that Plaintiff was bipolar. *Id*. at 2. Defendants contend that they are "unaware of the alleged new information . . . that gave rise to Plaintiff's assertion that Defendants had knowledge of and subsequently ignored Plaintiff's mental health condition at the time of his booking on which Plaintiff now bases [his] request[.]" *Id*. at 3.

However, Plaintiff argues that prior to discovery produced in 2024, facts did not indicate that Defendants had knowledge of Plaintiff's bipolar disorder at the time of his intake at King County Jail. Dkt. #20 at 2. However, Plaintiff argues that documents provided by Defendants to Plaintiff in January and April 2024 indicate that Defendants had knowledge of or should have known about Plaintiff's mental health status prior to the alleged incident and, per their own training materials, should not have treated Plaintiff as they did at intake. *Id*. at 3-6; Dkt. #21 at 3. Without these new facts, Plaintiff contends that he could not, in good faith, have brought these new claims. Dkt. #20 at 6-7.

The Court agrees with Plaintiff. Discovery unavailable to Plaintiff prior to the original deadline provides new facts for Plaintiff's new claims. While Defendants argue that Plaintiff already had records indicating Plaintiff's family notified the hospital of Plaintiff's condition, Defendants note that this notification occurred *after* the alleged incident. Dkt. #19 at 2. Facts now available to Plaintiff indicate a different timeline, giving rise to new potential claims. Beyond good cause, Defendants due not argue that Plaintiff has acted in bad faith, with undue

delay, that these claims are futile, or that this will prejudice Defendant. *See gen. id*. The Court finds that Plaintiff has satisfied these factors and has proposed claims that could conceivably survive if Plaintiff can establish certain facts. Accordingly, the Court finds that the requested amendment is warranted.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Leave to File Amended Complaint, Dkt. #38, is GRANTED. Plaintiff shall file his Proposed Amended Complaint, Dkt. #17-1, and serve it on Defendants within fourteen (14) days of this Order.

DATED this 17th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE